

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLACK SHEEP TELEVISION, LTD., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> THE TOWN OF ISLIP, a municipal corporation of the State of New York, <br><br> Defendant/Counterclaim-Plaintiff. | Civil Case No. 2:10-CV-04926 (LDW)(ARL) <br><br> **PRELIMINARY INJUNCTION** |

      This matter having come before the Court upon the application of Defendant/Counterclaim-Plaintiff the Town of Islip, a municipal corporation of the State of New York ("Defendant" or "Town of Islip"), for an Order directing Plaintiff Black Sheep Television, Ltd. to Show Cause why a preliminary injunction should not be entered, and upon the sworn Declarations of Peter J. Pizzi and Teresa A. Rizzuto, and other declarations which are part of the exhibits to the Pizzi Declaration, and the supporting Memorandum of Law and all other papers, exhibits and proceedings had herein;

      This Court having given full consideration to all papers filed by the parties and the relevant authorities and in accordance with Federal Rule of Civil Procedure 65,

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

      1.    This Court has subject matter jurisdiction under 15 U.S.C. §§ 1114, 1125(a), 1125(d)(1)(A) and 28 U.S.C. §§ 1331 and 1338.

      2.    For the reasons set forth in the Decision issued herewith, Defendant has demonstrated a substantial likelihood of success on the merits and a risk of irreparable harm, all of which constitutes good cause for the issuance of a preliminary injunction order as more particularly described herein.

      3.    Defendant owns the following relevant trademarks: MACARTHUR AIRPORT, LONG ISLAND MACARTHUR AIRPORT, ISLIP AIRPORT, ISLIP MACARTHUR AIRPORT, ISP and FLYLIMA.COM (the "AIRPORT MARKS") as described more particularly in Defendant's Memorandum of Law.

      4.    Defendant's AIRPORT MARKS are a constituent part of the following domain names registered by Plaintiff/Counterclaim-Defendant Black Sheep Television, Ltd. ("Plaintiff") <macarthurairport.com>, <islipairport.com>, <islipmacarthurairport.com> <islipairportonline.com>, <islipairportonline.net>, <macarthurairportonline.com>,

<macarthurairportonline.net>, <ispairportonline.com>, <ispairportonline.net>, <fly-lima.com>, <flylimaairport.com>, <flylimairport.com>, <flylimaonline.com>, <flylema.com>, <flylemaairport.com>, and <flylemairport.com> (the "DOMAIN NAMES").

     5.    Defendant's AIRPORT MARKS are also a constituent part of the following Twitter accounts: @FlyLIMA, @IslipAirport, @MacArthurAirprt; and @ISPAirport (the "Twitter Accounts").

     6.    Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff and all agents, representatives or assigns thereof, including, but not limited to, Jacques Ditte and Jan Hanna, are hereby enjoined from any use of the DOMAIN NAMES and the Twitter Accounts during the pendency of this action. These domain names and Twitter Accounts shall remain in the ownership, custody, and control of the Town of Islip throughout the pendency of this litigation.

     7.    This Preliminary Injunction shall be served on non-party registrar Godaddy.com, Inc. who is ordered to maintain the ownership of the domain names <islipairportonline.com>, <islipairportonline.net>, <macarthurairportonline.com>, <macarthurairportonline.net>, <ispairportonline.com>, <ispairportonline.net>, <fly-lima.com>, <flylimaairport.com>, <flylimairport.com>, <flylimaonline.com>, <flylema.com>, <flylemaairport.com>, and <flylemairport.com> with the Town of Islip. This Preliminary Injunction shall also be served on non-party registrar Network Solutions, LLC, who is ordered to maintain the ownership of the domain names <macarthurairport.com>, <islipairport.com>, and <islipmacarthurairport.com> with the Town of Islip. The Town of Islip shall further serve a copy of this Order on any other registrar to which the DOMAIN NAMES may have been transferred.

     8.    The Town of Islip may transfer the domains to a registrar of its choice, but may not relinquish ownership of the domains, during the pendency of this action.

     9.    Service of a copy of this Preliminary Injunction on Plaintiff shall be sufficient if served by December 13, 2010, upon Plaintiff at his counsel's known email address howard@hgreenberglaw.com and by overnight mail upon Plaintiff's counsel at his known address Law Offices of Howard E. Greenberg Esq., P.C, 180 East Main Street, Suite 308, Smithtown, NY 11787.

     10.    Service of a copy of this Preliminary Injunction on GoDaddy.com shall be sufficient if served by December 13, 2010, by overnight mail upon non-party Godaddy.com at its place of business at 14455 N. Hayden Rd., Suite 219, Scottsdale, AZ 85260 with a copy simultaneously sent via e-mail to domaindisputes@godaddy.com.

     11.    Service of a copy of this Preliminary Injunction on Network Solutions shall be sufficient if served by December 13, 2010, by overnight mail upon non-party Network Solutions at its place of business at 13861 Sunrise Valley Drive, Suite 300, Herndon, Virginia 20171 with a copy simultaneously sent via e-mail to resolution1@networksolutions.com.

12. Service of this Order on any registrar to which the domains may be transferred by the Town of Islip shall be sufficient if served via e-mail on the administrative contact the Town of Islip maintains with that registrar.

13. Service of a copy of this Preliminary Injunction on Twitter, Inc. shall be sufficient if served by December _13_, 2010, by overnight mail upon non-party Twitter at its place of business c/o Evan Williams, 539 Bryant St., #402, San Francisco, CA 94107 with a copy simultaneously sent via e-mail to notifications-support@twitter.zendesk.com.

14. Security for this Preliminary Injunction is satisfied by Defendant's $_____ bond, which shall be paid to the Court Clerk in connection with this matter by December ___, 2010, and shall be maintained during the time period this order remains in effect.

SO ORDERED.

DATED: Central Islip, New York
December _6_, 2010

Hon. Leonard D. Wexler

3

2443813-01